TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00563-CR

Clarence Ray Blaylock, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. CR90-0302-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 In November 1991, after accepting appellant's plea of guilty to aggravated sexual
assault, the district court found that the evidence substantiated appellant's guilt, deferred further
proceedings, and placed appellant on community supervision. In June 1995, after appellant
pleaded true to many of the allegations in the State's motion to revoke, the court revoked
community supervision, adjudicated appellant guilty, and assessed punishment at imprisonment
for forty-one years and a $4000 fine.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief.

 Appellant has filed a pro se brief contending, in four points of error, that he
received ineffective assistance of counsel at trial. Appellant complains that his attorney did not
investigate the case, did not adequately explain the various documents and proceedings, and gave
him bad advice. We find no support in the record for these factual allegations. Appellant also
complains that counsel failed to file a motion for new trial, but does not suggest the grounds for
such a motion. Appellant has failed to overcome the presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). Pro se points of error one, two, three, and five are overruled.

 In point of error four, appellant contends appellate counsel was ineffective because
his brief did not comply with the requirements of Anders and its progeny. We have determined
otherwise. The point of error is overruled.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. Further, we find nothing in the record that might arguably support
the appeal.

 The judgment of conviction is affirmed.

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 19, 1996

Do Not Publish